UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS RIDDLE, | ) |
|                   Plaintiff, | ) |
|                   v. | ) No. 1:17-cv-03122-WTL-TAB |
| CITY OF COLUMBUS, | ) |
| FRANK DICKMAN Officer, | ) |
| LOGAN ADAMS Officer, | ) |
| CHRIS CLAPP Officer, | ) |
| JAMES FREDERICK Officer, | ) |
| BRIAN KUSHMAN Officer, | ) |
| JOHN MORPHEW Officer, | ) |
| BEN QUESENBERY Officer, | ) |
| MICHEAL RICHARDSON Officer, | ) |
| IVAN SCHULTZ Officer, | ) |
| BERNARD SIMS Officer, | ) |
| JOHN VELTEN Officer, | ) |
| ZACK WRIGHT Officer, | ) |
|                   Defendants. | ) |

**Entry Screening Complaint, Dismissing Certain Claims,
and Directing Issuance and Service of Process**

Plaintiff Chris Riddle, a prisoner being detained at the Bartholomew County Jail in Columbus, Indiana, commenced this action on September 7, 2017, against the City of Columbus and thirteen officers of the Columbus Police Department. *In forma pauperis* status has been granted and an initial partial filing fee has been paid. Accordingly, the complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

**I. Screening of the Complaint**

    A.    Legal Standard

Section 1915A directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

      B.      Factual and Legal Allegations of the Complaint

Riddle asserts that on July 10, 2017, in Columbus, Indiana, he was sitting in his vehicle in an apartment complex parking lot. Defendants Officer Frank Dickman and Ben Quesenberry approached Riddle and forcibly removed him from the vehicle. As Riddle resisted, these two defendants used excessive force including a Taser, and choked Riddle. The force resulted in injuries to Riddle including cuts, bruising, and a hairline fracture of his foot. At some point other officers arrived to assist Dickman and Quesenberry. Riddle asserts that Officers Logan Adams,

Chris Clapp, James Frederick, Brian Kushman, John Morphew, Michael Richardson, Ivan Schultz, Bernard Sims, John Velten, Zack Wright, and Couch came to assist the first two officers.

Riddle asserts claims of unlawful arrest, excessive force, and denial of due process against defendants Dickman and Quesenberry. He asserts a claim of failure to intervene against the twelve other officers. Finally, he asserts a claim against the City of Columbus with deliberate indifference to a need for training and having an unconstitutional policy that allowed the defendant officers to injure him.

C. Discussion

Applying the legal standard discussed in section I.A. above, plaintiff's Fourth Amendment claims **shall proceed** against the thirteen officers and the City of Columbus. As to the Fourteenth Amendment due process claim, however, in will not proceed. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The right implicated by Riddle's claims is the Fourth Amendment. The mere recitation of a due process claim without a discernable connection to the factual allegations will not suffice to state a claim. Therefore, any claims based on the Fourteenth Amendment or other constitutional provisions **are dismissed**.

**The clerk is directed** to update the docket to show Officer Couch as a defendant. A claim was asserted against Officer Couch in the body of the complaint, but he is not listed in the caption.

## II. Opportunity to Show Cause

The Court has identified the only viable claims that may proceed and dismissed others. Should plaintiff believe the Court has overlooked claims and/or defendants, he shall have through **October 31, 2017**, in which to notify the Court.

## III. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

## IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants the City of Columbus, Officers Frank Dickman, Logan Adams, Chris Clapp, James Frederick, Brian Kushman, John Morphew, Ben Quesenberry, Michael Richardson, Ivan Schultz, Bernard Sims, John Velten, Zack Wright, and Couch in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 10/6/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Chris Riddle
37782
Bartholomew County Jail
543 Second Street
Columbus, IN 47201

City of Columbus
123 Washington Street
Columbus, IN 47201

Officer Frank Dickman
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Logan Adams
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Chris Clapp
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer James Frederick
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Brian Kushman
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer John Morphew
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Ben Quesenberry
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Michael Richardson
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Ivan Schultz
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Bernard Sims
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer John Velten
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Zack Wright
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Couch
Columbus Police Department
123 Washington Street
Columbus, IN 47201